IN THE UNITED STATES DISTRICT COURT OF
THE SOUTHERN DISTRICT OF FLORIDA
(FORT LAUDERDALE DIVISION)

BERKLEY VACATION RESORTS, INC., *et. al.*,   Case No.: 0:18-cv-62372FAM

      Plaintiffs,

vs.

MITCHELL REED SUSSMAN, an individual,

      Defendant.

## JOINT PLANNING AND SCHEDULING REPORT

Pursuant to Federal Rule Civil Procedure 16(b) and the Local Rules of this Court, the parties held a joint scheduling conference and prepared this Joint Planning and Scheduling Report. Counsel for Plaintiffs and Defendant Mitchell Reed Sussman conferred and now jointly submit this Joint Planning and Scheduling Report. Plaintiffs and Defendant will hereinafter collectively be referred to as the "Parties."

**I.   Appropriate Case Management Track**

The Parties believe this case should be placed on the "complex track" as described in Local Rule 16.1(a)(2)(C).

**II.   Local Rule 16.1(b)(2):**

**(A) The likelihood of settlement:**

The likelihood of settlement is unknown, but the Parties discussed settlement terms generally and agreed to revisit the subject.

**(B) The likelihood of appearance in the action of additional parties:**

The Parties do not anticipate the appearance of additional parties.

**(C) Proposed limits on the time:**

The Parties jointly propose the following limits on time:

    (i)    the deadline to join other parties and to amend the pleadings shall be three months from the date of the Court's ruling on Defendant's Motion to Dismiss;

    (ii)    the deadline to complete discovery shall be November 11, 2019; and

    (iii)    the deadline to file motions for summary judgment shall be December 11, 2019, 30 days after the close of discovery in this action.

**(D) Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment:**

The Parties propose that motions for summary judgment or partial summary judgment be due 30 days after the close of discovery in this action.

**(E) The necessity or desirability of amendments to the pleadings:**

Given the pendency of Defendant's Motion to Dismiss, Plaintiffs request fourteen days after the Court's ruling to amend their pleading if necessary.

**(F) The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence:**

The Parties agree to attempt to stipulate concerning the authenticity and admissibility of documentary evidence to be offered at trial, where appropriate.  The Parties also agree to attempt to stipulate concerning those undisputed facts relevant to the issues involved herein and

2

regarding electronically stored information, to the extent it exists. The Parties are working on agreeing upon an ESI Protocol to govern the production of electronically stored information in this action. Neither party believes that there is a need for advance rulings on the admissibility of evidence in the present matter.

**(G) Suggestions for the avoidance of unnecessary proof and of cumulative evidence:**

The Parties will continue to endeavor to litigate this case efficiently. The Parties agree to consider stipulations, including those regarding the authenticity and admissibility of documents and undisputed facts, to narrow the issues for trial.

**(H) Suggestions on the advisability of referring matters to a Magistrate Judge or master:**

The Parties do not agree to submit to the jurisdiction of a Magistrate Judge to resolve any issues before this Court in addition to any that the Court has not already referred to the Magistrate Judge.

**(I) A preliminary estimate of the time required for trial:**

A jury trial has been demanded in this action. Given the facts herein, including the large number of accounts/contracts at issue (Plaintiffs currently estimate approximately 600) and the corresponding large volume of witnesses that may be necessary to adjudicate Plaintiffs' claim for tortious interference with respect to those contracts, Plaintiffs estimate that, with agreement with Defendants to streamline proof, trial in this matter will last thirty to forty days. Defendant estimates that trial will last seven to ten days.

**(J) Requested date or dates for conferences before trial, a final pretrial conference, and trial:**

Given discovery issues that have arisen in other lawsuits against Defendant, the Parties request regular status conferences before the Magistrate Judge every three months. Plaintiffs

3

request and Defendant does not object, that the final pretrial conference take place no earlier than May 18, 2020 based on Plaintiffs' lead counsel's schedule and availability.

**(K) Any Issues about Discovery:**[1]

Plaintiffs assert that they need additional depositions above and beyond the default ten depositions, while Defendant asserts that these depositions are unnecessary and overburdensome. Plaintiffs assert that, in light of the large number of Plaintiffs' accounts/contracts at issue (approximately 600) and the anticipated need to obtain testimony from the timeshare owners that Plaintiffs alleged were induced by Defendant to breach their contracts, the forty-three (43) referral sources that Defendant utilized, seven (7) "associates" Defendant allegedly used to convey deeds to, eleven (11) attorneys who prepared deeds, and at least five employees and contractors believed to have knowledge of the scheme alleged by Plaintiffs, the default limitation under the Federal Rules of Civil Procedure of ten depositions per side unduly constrains Plaintiffs' ability to prosecute their claims. Defendant disagrees, and asserts that there is no need for more than ten depositions, which he contends would be burdensome.

The Parties acknowledge that not all timeshare owners with relevant accounts/contracts with Plaintiffs, referral sources, attorneys, contractors/employees, or "associates" will be able to be deposed, and thus will endeavor to pursue agreements to streamline proof in this action where possible. To that end, the parties had discussed stipulating to the admissibility in this case of deposition testimony from other lawsuits filed against Defendant by other timeshare companies represented by counsel for Plaintiffs herein (so that duplicative deposition testimony need not be

---

[1] On March 29, 2019, counsel for Defendant sent counsel for Plaintiffs a version of this section of the Report with proposed changes regarding both parties' positions. Counsel for Plaintiffs sent his proposed revisions on March 31, 2019, which appears in this Report and was aimed to make the statements of positions less argumentative, and advised counsel for Defendant that this one remaining item should not continue to delay the submission of the Report. Counsel for Defendant was advised earlier today that Plaintiffs would be filing the Report by 4 pm, but did not respond to the request for confirmation as to any further revisions of the language in this section.

taken), but could not reach agreement on the terms of the stipulation. Nonetheless, Plaintiffs anticipate that the use of depositions from these other lawsuits will obviate the need to take approximately ten depositions in this action. To reduce costs, the Parties also anticipate being able to conduct many depositions by videoconference or telephone. Plaintiffs thus propose that their deposition limit be increased to forty (40) depositions, subject to the ability to request leave for additional depositions in the event that is deemed necessary. As noted above, Defendant opposes this request, and believes any additional depositions by Plaintiffs would be unnecessary and burdensome.

**(L) Any other information that might be helpful to the Court in setting the case for status or pretrial conference.**

The Parties are unaware of any such other information.

DATED this 4th day of April, 2019

GREENSPOON MARDER LLP

By: */s/ Roy Taub*
Richard W. Epstein
Florida Bar No. 229091
richard.epstein@gmlaw.com
maria.salgado@gmlaw.com
Jeffrey A. Backman
Florida Bar No. 662501
jeffrey.backman@gmlaw.com
khia.joseph@gmlaw.com
Roy Taub
Florida Bar No. 116263
roy.taub@gmlaw.com
cheryl.cochran@gmlaw.com
200 East Broward Boulevard, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: 954.491.1120
Facsimile: 954.343.6958

*Attorneys for Plaintiffs*

Respectfully submitted,

MICHAEL L. FEINSTEIN, PA

By: */s/ Michael L. Feinstein*
Michael L. Feinstein
FBN 650382
200 SE 18th Court
Fort Lauderdale, FL 33316
Telephone: (954) 767-9662
Facsimile: (954) 764-4502
Michael@feinsteinlaw.net

MITCHELL REED SUSSMAN & ASSOCIATES
Mitchell Reed Sussman
1053 S. Palm Canyon Drive
Palm Springs, CA 92264
Telephone: (760) 325-7255
raventv1@aol.com

*Attorneys for Defendant*

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 4, 2019, the foregoing was electronically filed with the clerk of the court using the CM/ECF Portal, which will send notice of filing and a service copy to all counsel of record.

                                                                  /s/ Roy Taub  
                                                                  ROY TAUB