IN THE UNITED STATES DISTRICT COURT OF
THE SOUTHERN DISTRICT OF FLORIDA
(FORT LAUDERDALE DIVISION)

BERKLEY VACATION RESORTS, INC., *et. al.*,        Case No.: 0:18-cv-62372FAM

       Plaintiffs,

vs.

MITCHELL REED SUSSMAN, an individual,

       Defendant.

## STIPULATION FOR DISCOVERY AND PRODUCTION OF ELECTRONICALLY STORED INFORMATION

Plaintiffs and Defendant have agreed to the following protocol to govern electronic discovery and the production of documents by Plaintiffs and Defendant in this case. This protocol will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure and any other applicable orders and rules.

This protocol may require amendment or adjustment as the case proceeds based upon the results of anticipated future meet and confers and by later agreement of the parties, including the parties' engagement of document hosting vendors and associated technical requirements. To avoid costly and unnecessary discovery disputes, and to promote cooperation and efficiency throughout the discovery process, the parties have committed to routinely meeting and conferring on the status and progress of discovery and will keep the Court apprised.

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI. The parties agree to cooperate in good faith regarding the disclosure and

formulation of appropriate search methodologies, custodians, and sources of ESI in advance of any search and/or collection of ESI.

The parties hereby stipulate that discovery and production of electronically stored information ("ESI") shall be conducted as follows:

**I.      SCOPE AND LIMITATIONS OF PRESERVATION AND PRODUCTION OF ESI**

The parties agree to take the proportionality considerations addressed in Fed. R. Civ. P. 26(b)(2)(C) into account for purposes of production of discovery in this matter. Adopting a tiered or sequenced approach to electronic discovery may be appropriate, and the parties agree to continue to consider and confer about the most efficient processes as discovery proceeds.

Where a responding party contends that that party has or may have any potentially responsive ESI that is alleged by a party to be inaccessible and, hence, not producible by that party, the parties shall promptly confer in order to (1) reach an agreement as to how they will proceed with respect to such allegedly inaccessible ESI, or, if the parties cannot reach an agreement after conferring, (2) notify the Court that the parties have a dispute regarding ESI alleged to be inaccessible. Where an assertion or objection of burden and cost is made, the parties agree to meet and confer to discuss the possibility of cost sharing prior to submitting the matter for resolution by the Court.

Notwithstanding any provisions set forth herein to the contrary, nothing in this protocol shall be construed to alter or modify a party's discovery rights, obligations, or burdens of proof under applicable rules or decisional authority.

**II.     GENERAL PRODUCTION SPECIFICATIONS**

    **A.      Image Requirements**

        1.   Single page Group IV Tagged Image File format ("TIFF") Images

        2.   Image Resolution: 300 DPI

3. File Naming Convention for TIFF images: each page of a produced document shall have a legible, unique page identifier ("Bates Number") in the bottom right corner and confidentiality legend (where applicable). Each TIFF file shall be named with Bates Number of the produced document's page to which the image file relates.

4. An IPRO load file (LFP) shall be provided in a format to facilitate the loading of images into a document review application such as Summation or Concordance.

**B.  Extracted Text Requirements**

1. Except for documents that have been redacted, full extracted text shall be provided for each document produced. For redacted documents, text shall be provided for each redacted document utilizing Optical Character Recognition ("OCR") technology.

2. All text, whether extracted or OCR based, shall be produced on a document-level basis, meaning that there shall be one text file for each document. All text shall also be provided with the load file.

3. All text files shall be named with the Beginning Bates Number of the produced document to which the text file relates.

**C.  Metadata Fields**

1. Documents shall be produced with the following metadata fields populated:

| Field Name | Description |
|---|---|
| BEGNO | First bates number of electronic document |
| ENDNO | Last bates number of electronic document |
| BEGATTACH | First bates number of the first page in a parent/child email relationship |

3

| Field Name | Description |
| --- | --- |
| ENDATTACH | Last bates number of the last page in a parent/child email relationship |
| PARENTCHILDRNG | Bates range of production family |
| PAGES | Total number of pages |
| VOLUME | Production volume name |
| RECTYPE | Populate with either E-Mail, Attachment, Hard Copy or E-Docs (loose e-files) |
| DOCDATE | Date sent (for emails and attachments) or last modified date (for loose e-files) |
| SENTDATE | Date email/document was sent |
| SENTONTIME | Time email/document was sent |
| CREATEDATE | Date document was created |
| CREATETIME | Time document was created |
| LASTMODDATE | Date document was last modified |
| LASTMODTIME | Time document was last modified |
| RECEIVEDDATE | Date email/document was received |
| RECEIVEDTIME | Time email/document was received |
| AUTHOR | Author of email, attachment, or loose e-file |
| TO | Direct or Primary Recipient(s) of email (listed in To field) |
| CC | Secondary Recipient(s) of email (listed in CC field) |
| BCC | Blind Recipient(s) of email (listed in BCC field) |
| DOCTITLE | Title of document |
| EMAILSUBJECT | Subject line of email |
| CUSTODIAN | Name of person from whom the email/document was collected |

| Field Name | Description |
|---|---|
| NATIVEPATH | Link to native file path for documents produced in native format |
| ATTACHCOUNT | Total number of attachments |
| OTHERCUSTODIANS | Names of other custodians from whom the email/document was collected, including documents which were de-duplicated from production |
| FILENAME | File name of the email/document |
| FILEEXT | File extension of the email/document |
| CHILDNAMELST | List of filenames of attachments/embedded documents |
| FILETYPE | Type of file (i.e. Spreadsheet, Plaintext, etc.) |
| FILESIZE | File size in bytes |
| APPLICATION | Name of software application used to open file type |
| FULLTEXT1 | Full text (extracted or OCR text, as applicable) for the email/document |
| FULLTEXT2 | Overflow text field |
| FULLTEXT3 | Second overflow text field |

2. The metadata listed above shall be provided where available.

3. This list of field does not obligate any Party to code fields that are not part of the original metadata of the document, automatically generated by the processing of the ESI. The parties agree to meet and confer in connection with any metadata asserted to be costly or burdensome to obtain or produce.

**III.   NATIVE FILES**

  **A.   File Types to be Produced in Native**

   1. The parties have agreed that the following file types shall be produced in native format, whether they exist as attachments to emails or as standalone files: email and other

5

messaging application data, spreadsheets (e.g., Excel), presentation (e.g. PowerPoint), .csv files, and audio or visual files such as .wav or .mpeg files.

        2.    In addition to the foregoing, a party may request that a document originally produced in TIFF format be produced in native, if the conversion process omits potentially relevant substantive content or has made the document illegible or difficult to use.

        **B.**    **Production Specifications for Native Files**

        1.    All native files shall be named with the beginning Bates number of the produced document to which the native file relates. The original file name of the native will be provided inside the FILENAME field in the load file containing the document's metadata. In addition, a corresponding single-page TIFF placeholder will be provided with the following text "Produced in Native" across the page and endorsed with proper Bates number and any confidentiality designations.

**IV.**    **HARD COPY FILES**

Documents collected in hard copy shall be produced in TIFF format with OCR text. In scanning paper documents, the unitization of the documents, attachments, folders and binders shall be maintained as it existed in the original. Parent-child relationships shall be preserved in the IPRO LFP load file.

**V.**    **METHOD OF PRODUCTION**

The parties agree that documents shall be delivered to opposing counsel on CDs, DVDs, external drives, or via FTP sites. The production media will be encrypted, and the producing party shall provide instructions on how to decrypt the files in an email separate from the production. Production media shall include the case caption, production volume, date, and bates number range.

## VI. DUPLICATES

The parties agree that the producing party is only required to produce a single copy of a responsive document or ESI, and may remove exact duplicates across custodians. If a party de-duplicates across custodians, it shall populate the "All Custodians" metadata field with the names of all custodians from whom it collected the responsive document or ESI. Notwithstanding anything contained herein to the contrary, if a thread with attachments is being produced, all of the attachments shall be included with each email in that thread or, a hash value for the attachment(s) associated with each email in that thread shall be mapped to each email in thread.

## VII. PRIVILEGE AND REDACTION LOGS

The parties agree to produce privilege and redaction logs that comply with the requirements in Fed. R. Civ. P. 26(b)(5) and Local Rule 26.1(e)(2).

Privilege logs will be produced on a rolling basis, within twenty-one (21) days of each rolling production.

## VIII. DISCOVERY AND ADMISSIBILITY

Nothing in this stipulation shall be construed to affect the discoverability or admissibility of any document or data. All objections to the discoverability or admissibility of any document or data are preserved and may be asserted at any time.

## IX. CONFIDENTIALITY

The parties shall comply with the terms of any Protective Orders entered by the Court with respect to the production, storage or use of documents and electronically stored information.

## X. INADVERTENT DISCLOSURE

The parties' document productions are subject to their rights under the any Protective Order entered by the Court, the practices of this Court, Fed. R. Civ. P. 26(b)(5), and Fed. R. Evid. 502.

Any party or non-party who inadvertently discloses material that is privileged (including, but not limited to, the attorney-client privilege, the work-product protection or the joint defense privilege) will not be deemed to have waived any applicable privileges or protection, pursuant to Fed. R. Evid. 502(d).

Upon discovery of an inadvertent disclosure of privileged material, a party or non- party shall promptly advise all receiving parties and request that the inadvertently produced material be returned. The receiving parties shall return or destroy such inadvertently produced material, including all copies, within 14 days of receiving such a written request. The receiving parties shall retrieve the information if it was disclosed prior to notification, and must not use or disclose the information until the claim is resolved. The parties returning such inadvertently disclosed material may thereafter seek re-production of any such material pursuant to applicable law by making a motion within 14 days.

## XI. CONFERENCE OF COUNSEL TO RESOLVE DISPUTES

As noted above, and pursuant to Local Rule 7.1(a)(3), prior to filing any motion, the parties agree to meet and confer in good faith to resolve any disputes involving the production of documents or information.

**STIPULATED AND AGREED this 4th day of April, 2019:**

| GREENSPOON MARDER LLP | MICHAEL L. FEINSTEIN, PA |
|---|---|
| By: */s/ Roy Taub* | By: */s/ Michael L. Feinstein* |
| Richard W. Epstein | Michael L. Feinstein |
| Florida Bar No. 229091 | FBN 650382 |
| richard.epstein@gmlaw.com | 200 SE 18th Court |
| maria.salgado@gmlaw.com | Fort Lauderdale, FL 33316 |
| Jeffrey A. Backman | Telephone: (954) 767-9662 |
| Florida Bar No. 662501 | Facsimile: (954) 764-4502 |
| jeffrey.backman@gmlaw.com | Michael@feinsteinlaw.net |
| khia.joseph@gmlaw.com | |
| Roy Taub | MITCHELL REED SUSSMAN & ASSOCIATES |
| Florida Bar No. 116263 | Mitchell Reed Sussman |
| roy.taub@gmlaw.com | 1053 S. Palm Canyon Drive |
| cheryl.cochran@gmlaw.com | Palm Springs, CA 92264 |
| 200 East Broward Boulevard, Suite 1800 | Telephone: (760) 325-7255 |
| Fort Lauderdale, Florida 33301 | raventv1@aol.com |
| Telephone: 954.491.1120 | |
| Facsimile: 954.343.6958 | *Attorneys for Defendant* |
| *Attorneys for Plaintiffs* | |

9

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 4, 2019, the foregoing was electronically filed with the clerk of the court using the CM/ECF Portal, which will send notice of filing and a service copy to all counsel of record.

                                                               _____*/s/  Roy Taub*_____
                                                               ROY TAUB